UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,           Case No.

    Plaintiff,           Hon.

v

LINCOLN CONSOLIDATED SCHOOLS,

    Defendant.

_____

Eric D. Delaporte (P69673)
Kevin F. Lynch (P86671)
DELAPORTE LYNCH, PLLC
Attorneys for Plaintiff
210 State St., Suite B
Mason, MI 48854
(517) 643-2626
_____

## **COMPLAINT**

NOW COMES Plaintiff Jane Doe (hereinafter "Ms. Doe" or "Plaintiff"), by and through her attorneys Eric Delaporte and Kevin Lynch of Delaporte Lynch, PLLC, and files her Complaint under 20 U.S.C. §1681 et seq. ("Title IX")'s for Defendant's, inter alia, failure to investigate sexual assault, prevent sexually based harassment, retaliation against the victim, violation of the Persons with Disabilities Civil Rights Act ("PWDCRA"), and gender discrimination in violation of Article I, Section 26 of the Michigan Constitution.

## VENUE AND JURISDICTION

1. Defendant Lincoln Consolidated Schools (hereinafter, "Defendant," "Defendant LCS," or "LCS") is a Michigan governmental entity situated entirely in Augusta Township, Michigan, in this Honorable Court's territorial jurisdiction.

1

2. This Honorable Court retains subject matter jurisdiction under 28 U.S.C. §1331 based on the claim under 20 U.S.C. §1681 et seq. and supplemental jurisdiction of the state law claims under 28 U.S.C. §1367(a).

3. All of the acts complained herein occurred within the boundaries of this Honorable Court's territorial jurisdiction.

4. Thus, legal jurisdiction and venue is proper in this Honorable Court.

## INTRODUCTION

5. Plaintiff incorporates the previous paragraphs as if contained herein.

6. This is a Complaint filed to redress egregious wrongdoing visited upon Plaintiff, Ms. Jane Doe, a minor special needs student with the medical disability diagnosis of Cognitive Disorder, who was subjected to sexual assault by another LCS student over the summer of 2021. At the time of the alleged sexual violence, Jane Doe was only 14-years-old.

## FACTS

### *Background*

7. Plaintiff incorporates the previous paragraphs as if contained herein.

8. Jane Doe is a special needs student at Lincoln High School.

9. Over the summer of 2021, she was sexually assaulted by another Lincoln High School student.

10. Due to her disability, Jane Doe continued to have contact with her abuser for a period following the sexual assault.

11. Jane Doe and the perpetrator had several classes together at Lincoln High School.

12. When Jane Doe disengaged from her abuser, he proceeded to use his proximity to Jane Doe in the District's classroom to bully, harass, mock, torment, and revictimize Ms. Doe.

13. Jane Doe's teacher did nothing to prevent or mitigate the bullying, harassment, mockery, torment, and revictimization of Ms. Doe.

14. Jane Doe's pain became so great that she became suicidal.

15. When she finally told her parents about the assault, subsequent abuse, and the District's inaction, her parents, were shocked, heartbroken, and outraged.

16. Jane Doe's parents reported the sexual assault to LCS, seeking to have the assault investigated and to separate their daughter from the perpetrator.

17. Specifically, they notified the LCS Human Resources Director, Mr. Adam Blaylock, and the LCS Superintendent, Mr. Robert Jansen, of the sexual assault and subsequent abuse by the perpetrator in the classroom.

18. Incredibly, the Superintendent deferred to Human Resources on the next step, since he claimed Title IX was not his responsibility.

19. Mr. Blaylock told Mr. John Doe (the father) that the District would conduct a Title IX investigation.  The District's investigation never happened.

20. Not only did the District not investigate, but he also failed to separate the perpetrator from Ms. Jane Doe, as required by Title IX.  (Later, Mr. Blaylock admitted that he "dropped the ball" by not conducting the Title IX investigation).

21. In fact, Jane Doe was forced into continued contact with her perpetrator for an additional 4 weeks before anything was done.

22. When Mr. Blaylock "dropped the ball," Mr. and Mrs. Doe first requested, then begged, the high school principal to separate Jane Doe and her abuser.  Nothing was done.

23. Mr. Doe then approached the assistant principal, a personal friend, and begged to have Jane Doe removed from her perpetrator's presence.

24. The assistant principal devised a way to remove Jane Doe from the classroom she shared with her abuser and reorder her schedule, which had the effect of isolating Jane Doe from her friends and withdrawing her from her preferred class schedule.

25. The Does were forced to choose between allowing Jane Doe to be continually revictimized by her abuser or having her "punished" by removing Doe, the victim, from her learning environment.

26. During the month between reporting the abuse to the District and Jane Doe's removal from the classroom, her perpetrator continued to revictimize, torment, and sexually harass Jane Doe in person, via text, and via phone.

27. Instead of separating the perpetrator from Jane Doe by removing him from her classes, as required by Title IX, LCS instead pulled Jane Doe out of her classes, adding yet another injury on top of the egregious disregard of her rights, and her emotional, mental, and physical health.

28. More egregiously, Defendants knew that Jane Doe is a special needs student who is particularly and exceptionally vulnerable to the predations of other students.

29. LCS's actions had the effect of removing Jane Doe from the mainstream educational environment.

30. Jane Doe's personal anguish and torment from being forced to remain near her perpetrator, and be subject to his continuing revictimization of her, torment of her, and ongoing sexual harassment, was so great that Jane Doe became suicidal. Jane Doe's

father had to rush home from work to attend to her when he became aware of her suicidal tendencies.

31. On information and belief, Plaintiff believes that the perpetrator has sexually harassed at least three other students, and LCS knows about these other incidents. The other victims have not come forward out of fear of the perpetrator.

32. Jane Doe and her parents do not want this abuse to happen ever again to other vulnerable students. It is for this primary reason, among many, that Jane Doe is filing this lawsuit.

*Aftermath for Jane Doe*

33. The extreme damage done to Jane Doe due to the flagrant disregard of her vulnerable state as a special needs 14-year-old is difficult to describe. One thing is for certain, LCS's actions, or lack thereof, have had the disastrous effect of revictimizing Jane Doe.

34. She has suffered exceptional psychological damage. She is constantly afraid and suffers from symptoms of Post-Traumatic Stress Disorder (PTSD). She has difficulty trusting anyone again, especially any males in her life to include, heartbreakingly, her own father.

35. Her grades have suffered terribly despite being a good student prior to the sexual assault.

36. She is no longer the happy go-lucky young girl that she was only 2 years ago. Rather, she is a frightened, struggling, and extremely distrustful young woman. The long-term repercussions are severe and lifelong.

37. Jane Doe's parents have been forced to try to pick up the pieces by seeking counseling for her.

Wherefore, Plaintiff states the following Counts against Defendant:

## COUNT I

*Violation of Title IX*

38. Plaintiff incorporates the previous paragraphs as if contained herein.

39. Once LCS was notified, LCS had a duty to respond promptly and effective to Jane Doe's sexual assault allegations against another Lincoln High School student to prevent Jane Doe from being further victimized and sexually harassed.

40. LCS had a further duty to address the effects that the alleged sexual assault, prevent its recurrent effects, conduct an investigation, determine what occurred, and take appropriate steps to resolve the situation.

41. LCS failed in all of these legal duties that it owed to Jane Doe.

42. As a result of these LCS failures, Jane Doe has been harmed emotionally, mentally, relationally, and emotionally, thereby suffering both economic and non-economic damages.

## COUNT II

*PWDCRA*

43. Plaintiff incorporates the previous paragraphs as if contained herein.

44. Plaintiff Jane Doe is a special needs student with a disability as defined by the PWDCRA. She has been medically diagnosed with Cognitive Disorder.

45. Defendant LCS knew and knows that Plaintiff has a disability as defined under PWDCRA.

46. Defendant LCS discriminated against Plaintiff when it failed to investigate the alleged sexual assault perpetrated by another Lincoln High School student.

47. Defendant LCS further discriminated against Plaintiff when it did not address the effects that the alleged sexual assault, prevent its recurrent effects, conduct an investigation, determine what occurred, and take appropriate steps to resolve the situation.

48. Defendant LCS discriminated against Plaintiff while removing her, the victim, from the learning environment.

49. As a result of LCS's PWDCRA discrimination, Jane Doe has been harmed emotionally, mentally, relationally, and emotionally, thereby suffering both economic and non-economic damages.

## COUNT III

*Article I, Section 26 of Michigan Constitution*

50. Plaintiff incorporates the previous paragraphs as if contained herein.

51. Defendant LCS discriminated against Jane Doe on the basis of her female gender when they were notified of her sexual assault by another LCS student, yet refused to conduct the required investigation and failed to protect her by, inter alia, separating the male perpetrator from her in the learning environment.

52. Jane Doe was thereby revictimized and tormented by LCS's gender-based discrimination.

53. As a result of LCS's gender-based discrimination, Jane Doe has been harmed emotionally, mentally, relationally, and emotionally, thereby suffering both economic and non-economic damages.

WHEREFORE, Plaintiff Jane Doe prays that this Honorable Court to do the following:

1. Find that Defendant violated Title IX by failing to fulfill its duties to, inter alia, investigate allegations of sexual assault by a Lincoln High School student.

2. Find that Defendant violated PWDCRA by failing to protect Plaintiff's civil rights that were violated when it failed, inter alia, to investigate allegations of sexual assault by a Lincoln High School student.

3. Find that Defendant is liable for gender discrimination and a violation of Article I, Section 26 of the Michigan Constitution.

4. Award to Plaintiff all appropriate compensation, fines, and penalties against Defendant available under law.

5. Award Plaintiff her attorney fees and costs.

6. Provide any other relief to Plaintiff that this Honorable Court deems fit.

DELAPORTE LYNCH, PLLC

By: _____
Eric D. Delaporte (P69673)
Kevin F. Lynch (P86671)
210 State St., Suite B
Mason, MI 48854
(517) 643-2626
Eric@DelaporteLaw.com
Kevin@DelaporteLaw.com