UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

    Plaintiff,

v.

LINCOLN CONSOLIDATED SCHOOLS,

    Defendant.

Case No. 23-cv-11236

Hon. Brandy R. McMillion
Mag. Judge Anthony P. Patti

| | |
|---|---|
| Eric D. Delaporte (P69673)<br>DELAPORTE LYNCH, PLLC<br>Attorney for Plaintiff<br>210 State Street, Suite B<br>Mason, MI 48854<br>(517) 999-2626<br>eric@delaportelynch.com | Michael D. Weaver (P43985)<br>PLUNKETT COONEY<br>Attorney for Defendant<br>38505 Woodward Ave., Suite 100<br>Bloomfield Hills, MI 48304<br>(248) 901-4025<br>mweaver@plunkettcooney.com |

**PLAINTIFF'S LAY AND EXPERT WITNESS LIST**

    NOW COMES Plaintiff, Jane Doe, by and through her attorney, Eric Delaporte of Delaporte Lynch, PLLC, and hereby files her Lay and Expert Witness Lists:

**PLAINTFF'S LAY WITNESS LIST**

1. Mr. John Doe. Jane Doe's father. He will testify to all relevant facts in the case.

2. Mrs. Jane Doe. Jane Doe's mother. She will testify to all relevant facts in the case.

3. Adam Blaylock. Former Director of Human Resources at LCS. Mr. Blaylock has knowledge of Plaintiff's time in the school district, conversations with Plaintiff's parents, and actions the District took or failed to take regarding Jane Doe's situation.

4. Robert Jansen. Superintendent, LCS. Mr. Jansen has knowledge of Plaintiff's time in

    the school district, conversations with Plaintiff's parents, and actions the District took or failed to take regarding Jane Doe's situation.

5.  Shane Malmquist.  Principal, Lincoln High School.  Mr. Malmquist has knowledge of Plaintiff's time in the school district, conversations with Plaintiff's parents, and actions the District took or failed to take regarding Jane Doe's situation.

6.  Carrie Melcher.  Assistant Principal, Lincoln High School.  Ms. Melcher has knowledge of Plaintiff's time in the school district, conversations with Plaintiff's parents, and actions the District took or failed to take regarding Jane Doe's situation.

7.  Regina Winborn.  Assistant Principal, Lincoln High School.  Ms. Winborn has knowledge of Plaintiff's time in the school district, conversations with Plaintiff's parents, and actions the District took or failed to take regarding Jane Doe's situation.

8.  Mary Aldridge.  Principal, Childs Elementary.  Ms. Aldridge has knowledge of Plaintiff's time in the school district, conversations with Plaintiff's parents, and actions the District took or failed to take regarding Jane Doe's situation.

9.  T.S.  Minor student at Lincoln High School.  T.S. has knowledge regarding his interactions with Plaintiff.

10.  Jennifer Cherry.  Teacher.  Ms. Cherry has knowledge of Plaintiff's time in the school district, conversations with Plaintiff's parents, and actions the District took or failed to take regarding Jane Doe's situation.

11.  Patricia Luckscheiter.  Teacher. Ms. Luckscheiter has knowledge of Plaintiff's time in the school district, conversations with Plaintiff's parents, and actions the District took or failed to take regarding Jane Doe's situation.

12.  Lorrie Rechert.  Teacher.  Ms. Rechert has knowledge of Plaintiff's time in the school

district, conversations with Plaintiff's parents, and actions the District took or failed to take regarding Jane Doe's situation.

13. Lamae Saiterino. Teacher. Ms. Saiterino has knowledge of Plaintiff's time in the school district, conversations with Plaintiff's parents, and actions the District took or failed to take regarding Jane Doe's situation.

14. Jennifer Kennedy. Teacher. Ms. Kennedy has knowledge of Plaintiff's time in the school district, conversations with Plaintiff's parents, and actions the District took or failed to take regarding Jane Doe's situation.

15. Cindi Adcock. Teacher. Ms. Adcock has knowledge of Plaintiff's time in the school district, conversations with Plaintiff's parents, and actions the District took or failed to take regarding Jane Doe's situation.

16. Martha Venditelli. Teacher. Ms. Venditelli has knowledge of Plaintiff's time in the school district, conversations with Plaintiff's parents, and actions the District took or failed to take regarding Jane Doe's situation.

17. Susan Hopkins. School Psychologist. Ms. Hopkins has knowledge of the Plaintiff's time in the school district, conversations with Plaintiff's parents, and actions the District took or failed to take regarding Jane Doe's situation.

18. Plaintiff's treating physician and/or mental health professional. Plaintiff's physician and/or mental health professional has knowledge of Plaintiff's psychological state and the impact of incidents on Plaintiff's mental health.

19. Any and all of Defendant's lay witnesses.

20. Any and all of Defendants' lay witnesses who may be identified during discovery.

21. Any other lay witnesses who may be identified during discovery.

## PLAINTIFF'S EXPERT WITNESS LIST

22. Dr. Frederi Viens. Rice University, Maxfield Hall 226, 6100 Main St, Houston, TX 77030 . Expert actuary witness. Dr. Viens will testify generally as to any quantitative finance and/or statistical analysis related to Plaintiff's causes of action against Defendants and the damages thereof.

23. TBD Expert in Trauma and Mental Health.  TBD Expert witness will testify as to the specific psychological and emotional harms that resulting from LCS's harassment and Title IX violations, including, but not limited to, anxiety, depression, and post-traumatic stress.

24. TBD Expert in Title IX Compliance and Policies.  TBD Expert witness will testify regarding the standards and requirements under Title IX, the obligations of educational institutions to prevent and address harassment.

25. Any and all of Defendant's expert witnesses.

26. Any and all of Defendants' expert witnesses who may be identified during discovery.

27. Any other expert witnesses who may be identified during discovery.

DELAPORTE LYNCH, PLLC

By: _____
Eric D. Delaporte (P69673)
Gina E. Goldfaden (P86863)
210 State St., Suite B
Mason, MI 48854
(517) 999-2626
Eric@DelaporteLynch.com
Gina@DelaporteLynch.com