UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

        Plaintiff,

v.

LINCOLN CONSILIDATED
SCHOOLS,

        Defendant.
_____/

Case No. 2:23-CV-11236
District Judge Brandy R. McMillion
Magistrate Judge Anthony P. Patti

**<u>ORDER GRANTING IN PART, DENYING IN PART DEFENDANTS'
MOTION TO COMPEL (ECF NO. 32) AND GRANTING IN PART,
DENYING IN PART PLAINTIFF'S MOTION TO EFFECTUATE
LIMITATIONS AND EXTEND DEADLINES (ECF NO. 37)
AND
EXTENDING SCHEDULING ORDER DATES</u>**

**A.    Background**

On May 25, 2023, Plaintiff Jane Doe brought this action against Lincoln Consolidated Schools ("LCS"). Plaintiff alleges that she is a special needs student with a diagnosis of Cognitive Disorder and that she was sexually assaulted by another student at LCS over the summer of 2021. (ECF No. 1, PageID.2.) Plaintiff brings this action based on Defendant's actions which occurred after the assault, including their alleged "failure to investigate sexual assault, prevent sexually based harassment, retaliation against the victim, violation of the Persons

with Disabilities Civil Rights Act ("PWDCRA"), and gender discrimination in violation of Article I, Section 26 of the Michigan Constitution." (ECF No. 1, PageID.1.) Plaintiff amended her complaint by leave of Court on August 14, 2024, adding six additional Defendants: Adam Blaylock, Robert Jansen, Mark Lowe, Shane Malmquist, Carrie Melcher, and Regina Winborn. (ECF No. 23.) The case has been referred to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 19.)

Defendants brought a motion to compel executed medical authorizations from Plaintiff on October 25, 2024. (ECF No. 32.) A response was filed on November 1, 2024 (ECF No. 34), and the Court held a status conference to discuss the motion on November 4, 2024. Following the conference, the Court entered a text order stating, "As discussed during the status conference, Defendants' reply brief shall be due November 15, 2024, and Plaintiffs sur-reply, limited to four pages and constrained to only new information gleaned from upcoming depositions, shall be submitted no later than November 20, 2024." (11/04/2024 Text Order.) No reply or sur-reply was filed.

Instead, Plaintiff filed two motions: a motion to effectuate limitations on records and extend appropriate deadlines (ECF No. 37), filed on December 13,

2024 and a motion to compel depositions, extend discovery, and for sanctions, filed on January 10, 2025 (ECF No. 41).

I conducted a hearing on January 16, 2025 with respect to the earlier two motions of the three now pending.

### B. Plaintiff's Motion to Effectuate Limitations on Records and Extend Appropriate Deadlines (ECF No. 37)

Plaintiff asks the Court to place limitations on the medical records sought by Defendants and further asks the Court to extend deadlines in the scheduling order. For the reasons stated here and more fully on the record, this motion (ECF No. 37) is **GRANTED IN PART AND DENIED IN PART.**

The motion is DENIED as to the part seeking to effectuate limitations on discovery sought by Defendants. As counsel admitted on the record, this argument is in substance an extension of his argument related to Defendants' motion to compel, and could only have been brought in a sur-reply pursuant to the Court's November 4, 2024 text entry order, assuming that a reply brief had been filed (which did not happen). Plaintiff has not met his burden in showing entitlement to a protective order which would be separate from any argument brought in relation to Defendants motion to compel and it is thus redundant, and Plaintiff's argument does not comply with the Court's direction to be "limited to four pages and constrained to only new information gleaned from upcoming depositions." (11/04/2024 Text Order.) It was also filed well after the November 20, 2024

3

deadline for filing any sur-reply brief and does not enlighten the Court regarding "new information gleaned from upcoming depositions" (*see id.*), which was the only purpose for which Plaintiff was given leave to submit further briefing on this issue. This denial is without prejudice to any issues raised and resolved in relation to Defendants' motion to compel, which relates to identical issues.

The motion is GRANTED as to the portion seeking an extension to the scheduling order dates. Plaintiff has shown "excusable neglect" for not meeting the deadlines prior to their expiration, as the delay was related to a non-party's reliance (whether correctly or incorrectly) on Mich. Comp. Laws § 330.1748 to refuse to produce records, which has prevented Plaintiff from obtaining her own medical records without a court order. Excusable neglect is also found based upon Plaintiff's reasonable belief that the issue was already before the Court in Defendants' motion to compel. (ECF No. 32.) Accordingly, the Court dates are **EXTENDED** as follows:

| EVENT | CURRENT DEADLINE (ECF No. 30) | NEW DEADLINE |
|---|---|---|
| Completion of Fact Discovery with the Four Depositions Discussed on the Record | January 11, 2025 | February 18, 2025 |
| Plaintiff Expert Reports Due | November 7, 2024 | March 3, 2025 |
| Defendant Expert Reports Due | December 7, 2024 | April 3, 2025 |
| Rebuttal Reports Due | January 7, 2025 | May 2, 2025 |

| Expert Discovery Cutoff | January 11, 2025 | June 2, 2025 |
|---|---|---|
| Dispositive Motion Deadline | February 10, 2025 | July 2, 2025 |

**C.     Defendants motion to compel executed medical authorizations from Plaintiff (ECF No. 32)**

Defendants seek medical authorizations from Plaintiff for medical records going back until Plaintiff's birth.  For the reasons stated here and more fully on the record, this motion (ECF No. 32) is **GRANTED IN PART AND DENIED IN PART.**

Defendants initially sought records dating back to birth, but now propose limiting the scope for seven years from today, going back to January 1, 2018, which is roughly four years prior to the incident up to the present.  Plaintiff does not fundamentally disagree with the time period of this request, but asserts that the scope of the request should be narrowed.  Plaintiff asserts that only medical records related to her disability or mental health would be relevant, but that general medical information (such as basic colds, unrelated health issues, etc.) should not be included.  Plaintiff, however, proposes no reasonable manner in which to separate the medical information based on counsel's subjective belief of relevancy.  Plaintiff suggests that a third party service and/or counsel should meet for an initial review of relevancy before sending the records to the experts.  The Court disagrees.  Mental health and emotional distress damages are an issue in the case

5

and the medical records or portions thereof are relevant to show possible causation, damages, or pre-existing damage or conditions. The Court agrees that a temporal limitation of seven years is proportional to the needs of the case, although finds that the lifetime period specified in the requests at issue is not.

The Court agrees with Plaintiff, however, that some adjustment to the protective order would protect the interests of the minor at issue in this matter. The protective order currently in place would allow Defendants' counsel to share the records with their clients in order to discuss or assess the strength and strategy of the case. (ECF No. 31.) As discussed on the record with counsel, the Court will limit the medical records as follows: The records will be designated "Attorneys Eyes Only" and, while the relevant records can be summarized to the extent necessary to discuss and advise their clients, counsel is prohibited from showing their clients the records themselves. Due to the sensitive nature of the records, the age and disability of the Plaintiff, and the fact that Plaintiff is still a student in the school district, the records will only be viewed by attorneys and their support staff and expert witnesses or consultants and their support staff, but will not be produced to or viewed by the Defendants themselves. In all other respects, the Stipulated Mutual Protective Order (ECF No. 31) shall apply to anyone permitted to view the medical records under the instant order.

Plaintiff is **DIRECTED** to execute medical releases, consistent with the limitations imposed by this order, forthwith.

## D. Defendants' motion to compel depositions, extend discovery, and for sanctions. (ECF No. 41.)

Defendants have also filed a motion to compel depositions, extend discovery, and for sanctions. (ECF No. 41.) Although the motion was not set for hearing, the Court discussed the motion with counsel in an attempt to reach an agreement on the substance of the requested relief. For the reasons further discussed on the record, by **January 24, 2025** the partes shall make every effort to schedule the pertinent four remaining depositions, which shall occur within **thirty days.** By **January 24, 2025**, Defendants shall file either a response to the pending motion (ECF No. 41) or a "Statement in Lieu of Response," indicating the depositions have been scheduled as contemplated by the Court and the parties on the record. If the depositions are so scheduled, the Court will hold the motion in abeyance until the depositions have occurred, whereupon Plaintiff is **DIRECTED** to file a notice withdrawing the motion to compel as moot.

## E. Order

Accordingly, upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>:

Plaintiff's motion to effectuate limitations on records and extend appropriate deadlines (ECF No. 37) is **GRANTED IN PART, DENIED IN PART.**

Defendants' motion to compel executed medical authorizations from Plaintiff (ECF No. 32) is **GRANTED IN PART, DENIED IN PART.**

No costs will be awarded to either side, as neither side wholly prevailed in their position. *See* Fed. R. Civ. P. 37(a)(5).

**IT IS SO ORDERED.**[1]

Dated:  January 17, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).