UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE, a minor,
and MARY DOE, parent and next friend
of Jane Doe, a minor,

        Plaintiffs,

v.

LINCOLN CONSOLIDATED
SCHOOLS, ROBERT JANSEN,
ADAM BLAYLOCK, SHANE
MALMQUIST, CARRIE MELCHER,
REGINA WINBORN, and MARK
LOWE,

        Defendants.
_____/

Case No. 2:23-cv-11236

District Judge Brandy R. McMillion
Magistrate Judge Anthony P. Patti

**<u>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS (ECF No. 47) and GRANTING DEFENDANTS' MOTION TO EXTEND SCHEDULING ORDER DEADLINES AND TO COMPEL INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF JANE DOE (ECF No. 50)</u>**

Plaintiff Jane Doe, a minor, initiated this lawsuit via counsel in May 2023. In August 2024, Jane Doe, by and through her mother, Mary Doe, as next friend, filed an amended complaint via counsel against Lincoln Consolidated Schools (LCS), LCS Superintendent Robert Jansen, Lincoln High School (LHS) Principal Shane Malmquist, LCS Human Resources Director Adam Blaylock, LHS Assistant Principal Carrie Melcher, LHS Assistant Principal Regina Winborn, and LCS

1

Teacher Mark Lowe.  (ECF No. 23, PageID.120 ¶¶ 1-7.)  The causes of action include:  (1) violation of Title IX (20 U.S.C. §§ 1681, *et seq*.) for "inter alia, failure to investigate sexual assault, prevent sexually based harassment, retaliation against the victim[;]" (2) violation of Michigan's Persons with Disabilities Civil Rights Act (PWDCRA); and, (3) gender discrimination in violation of Article I, Section 26 of the Michigan Constitution.  (*Id*., PageID.119-120; *id*., PageID.124-126 ¶¶ 45-60.)

Judge McMillion has referred this case to me for full pretrial matters.  (ECF No. 19.)  Previously, I entered a stipulated mutual protective order (ECF No. 31) and an order concerning prior motions to compel and extending scheduling order dates (ECF No. 45).  Currently pending before the Court are two motions:

- Plaintiffs' February 18, 2025 motion to compel discovery and for sanctions (ECF No. 47), regarding which Defendants have filed a response (ECF No. 49), and the parties have filed a joint list of unresolved issues (ECF No. 54); and,

- Defendants' March 13, 2025 motion to extend scheduling order deadlines and to compel independent medical examination (IME) of Plaintiff Jane Doe (ECF No. 50), as to which Plaintiff has filed a response (ECF No. 52), Defendants have filed a reply (ECF No. 53), and the parties have filed a joint list of unresolved issues (ECF No. 55).[1]

---

[1] The initial discovery deadline was October 11, 2024 (ECF No. 11), it was extended by stipulation to January 11, 2025 (ECF No. 28), and, following Plaintiffs' motion (ECF No. 37), the deadline for "completion of fact discovery with the four depositions discussed on the record" was extended to February 18, 2025 and the "expert discovery cutoff" was extended to June 2, 2025 (*see* ECF No. 45, PageID.431-432).

On April 1, 2025, the Court conducted a motion hearing (ECF Nos. 48, 51), at which Attorneys Gina Goldfaden, Eric D. Delaporte, and Michael D. Weaver appeared.

Upon consideration of the motion papers and the oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiffs' motion to compel discovery and for sanctions (ECF No. 47) is **GRANTED IN PART**, **DENIED IN PART**, **DEEMED RESOLVED IN PART**, and **DEEMED WITHDRAWN IN PART** as follows:

1. **As to whether Plaintiffs properly met and conferred prior to filing their Motion**, the motion is **DEEMED RESOLVED**. The Court paid particular attention to Plaintiffs' counsel's January 10, 2025 letter (ECF No. 47-2), Defendants' February 11, 2025 amended and supplemental responses to Plaintiffs' first discovery requests (ECF No. 47-3), the February 18, 2025 4:18 p.m. email from Plaintiffs' counsel to defense counsel regarding the Gibbons report (*see* ECF No. 49-1, PageID.524), and Plaintiffs' February 18, 2025 certificate of concurrence filed at 10:47 p.m. (ECF No. 47, PageID.456). Considering that an email does not satisfy the requirements of E.D. Mich. LR 7.1(a), and considering that the letter and email address all but the response to Interrogatory No. 6, the Court took a recess and required the parties to meet and confer. Any resolutions were placed on the record, as described below.

2. **As for whether Defendants have properly responded to Interrogatory No. 2 (ECF No. 47-3, PageID.473-474)**, the motion is **DEEMED RESOLVED**, based on the agreed upon, forthcoming signatures from each of the Defendants to whom the interrogatory was propounded.

3. **As for whether Defendants have properly responded to Interrogatory No. 5 (*id.*, PageID.476)**, the motion is **GRANTED**, and Defendants

3

      **SHALL** supplement their answer, under oath and signed by the respective client(s), clarifying if that is the answer for each Defendant or if there are different answers for each Defendant.

4. **As for whether Defendants have properly responded to Interrogatory No. 8 (*id.*, PageID.477-479)** – which sought communications between "Defendant's staff members," "staff members and Jane Doe and her parents," and "staff members and law enforcement agencies" – the motion is **GRANTED**, and Defendants **SHALL** supplement their answer. If this information has been produced, then it must be made clear (*e.g.*, with Bates number citations), and, *with respect to communications between staff members and law enforcement agencies*, the supplemental answer must clarify whether there were any such communications and whether their document production constitutes all such documents of which Defendants are aware.

5. **As for whether Defendants have properly responded to Interrogatory No. 9 (*id.*, PageID.479),** Defendants' relevance objection is **SUSTAINED**, Plaintiff not having carried its burden to show relevance, and the request for supplementation is **DENIED**. Moreover, although not raised in the initial objection, the Court is also cognizant of the privacy rights protected by the Family Educational Rights and Privacy Act (FERPA) and its corresponding regulations. *See* 20 U.S.C. §1232g, 34 C.F.R. §§ 99.30, 99.31.

6. **As for whether Defendants have properly responded to Interrogatory No. 14 (*id.*, PageID.481-482),** the motion is **WITHDRAWN**.

7. **As for whether Defendants have properly responded to Interrogatory No. 17 (*id.*, PageID.483),** the motion is **DEEMED RESOLVED**.

8. **As for whether Defendants have properly responded to Requests for Admission Nos. 4, 5, 6, 7, 9, and 10 (*id.*, PageID.486-490),** the motion is **DENIED** as to RFA No. 4, because it is a compound question seeking pure legal conclusions; as to RFA No. 5, the motion is **GRANTED** and Defendant **SHALL** supplement its answer, consistent with the scope of the admission made on the record; as to RFA No. 6, the motion is **DENIED**, because Defendant's denial with an explanation is an appropriate response; as to RFA 7 and RFA 9, the motion is **DEEMED RESOLVED**; and, as to RFA No. 10, the motion is **DENIED**, because Defendants' objection that the

4

request "is vague, ambiguous, and the term 'suffered' is undefined[,]" is **SUSTAINED**.

9. **As for whether Defendants have properly produced all responsive documents in their possession that are not protected by privilege –** and taking into consideration Plaintiffs' claim that, "on February 17, 2025, Defendant Jansen admitted that Defendants performed an investigation with Mike Gibbons after allegedly learning of the assault[,]" which report "was never identified nor provided during discovery[,]" (ECF No. 47, PageID.446, 450), the February 18, 2025 4:18 p.m. email from Plaintiffs' counsel to defense counsel regarding the Gibbons report (*see* ECF No. 49-1, PageID.524), Defendants' March 3, 2025 argument that "certain requested documents are protected by attorney-client and work product privileges" (ECF No. 49, PageID.512-515), and defense counsel's April 1, 2025 representation that Gibbons was retained as an attorney to do private investigation – no later than **Monday, April 7, 2025**, Defendants **SHALL** hand deliver a copy of the Gibbons report to chambers, after which the Court will conduct an *in camera* review and enter an appropriate, supplemental order as to whether the Gibbons report is entitled to protection via the attorney-client privilege or work product doctrine.

Defendants **SHALL** serve any supplemental response compelled above no later than **April 22, 2025**. Finally, Plaintiffs' motion is **DENIED** to the extent Plaintiffs sought fees and costs because neither side fully prevailed and the Court is not convinced that Plaintiffs adequately met and conferred with their opponents before filing this motion. *See* Fed. Rules Civ. P. 37(a)(5)(A)(i) & 37(a)(5)(C).

Defendants' March 13, 2025 motion to extend scheduling order deadlines and to compel IME of Plaintiff Jane Doe (ECF No. 50) is **GRANTED** as follows:

1. **As to whether the Scheduling Order deadlines should be extended to permit Defendants to conduct a mental examination of Plaintiff Jane due to the fact that the parties have not yet received Plaintiffs' medical records (*see* ECF No. 50, PageID.535-537),** the motion is **GRANTED**, solely for purposes of conducting Plaintiff Jane Doe's mental examination

under Fed. R. Civ. P. 35.  To be clear, this is not a case of "good cause," under Fed. R. Civ. P. 6(b)(1)(A) or Fed. R. Civ. P. 16(b)(4); rather, because Defendants filed their motion on March 13, 2025 (*i.e.*, after the February 18, 2025 close of fact discovery), the issue is one of "excusable neglect," as the request was made "on motion made after the time has expired . . . [,]" Fed. R. Civ. P. 6(b)(1)(B).  The Court has considered, *inter alia*, Defendants' August 27, 2024 notice of obtaining records from Washtenaw Child Advocacy Center, IHA Pediatric Healthcare, and Trinity Health Patient Business Services is dated August 27, 2024 (ECF No. 50-2), Plaintiffs' October 2, 2024 letter objection (ECF No. 50-4), the October 2024 stipulation and order to extend report and rebuttal deadlines (ECF Nos. 29, 30), Defendants' October 25, 2024 motion to compel executed medical authorizations (ECF No. 32), Plaintiff's December 2024 motion to limit mental health and medical records of Plaintiffs and extend expert report deadlines (ECF No. 37), the January 17, 2025 order granting in part Defendants' motion to compel executed medical authorizations (ECF No. 45) – all of which occurred before the close of discovery – as well as Plaintiffs' March 3, 2025 production of their expert report, reflecting that their own expert performed a post-discovery examination of Plaintiff (*see* ECF No. 50, PageID.534), and Defendants' March 13, 2025 filing of the instant motion (ECF No. 50).  Given this context, where Defendant diligently sought the medical records, there was a dispute over the scope of the records request that had to be resolved by court order, Defendant obtained signed releases, and, through no fault of either party, there was a delay in production, and there is no evidence that Defendant acted in bad faith – <u>there is excusable neglect as contemplated by Fed. R. Civ. P. 6(b)(1)(B)</u>, even if Defendant could have moved earlier for a Ruel 35 mental examination.  Moreover, the requested relief will not substantially impact these judicial proceedings, as it does not prejudice Plaintiff's case, based on the current scheduling order deadlines (see ECF No. 45), a trial date has not yet been set, and the request is reasonable in scope and limited to one particular aspect.  Beyond that, the Court applied all five of the excusable neglect factors through extensive analysis on the record and with appropriate citation to and reliance on case law.

2. **As for whether Plaintiff Jane Doe should be compelled to attend a mental health examination when her mental health is relevant to Plaintiff Jane Doe's damages (*see* ECF No. 50, PageID.537-538),** the motion is **GRANTED**.  To be clear, under the applicable rule, Defendant is seeking a "mental examination by a suitably licensed or certified examiner."

6

>Fed. R. Civ. P. 45(a)(1). Plaintiff Jane Doe's emotional and mental health is clearly at issue, as reflected in her pleading (*see*, *e.g.*, ECF No. 23, ¶¶ 34, 49, 56, 60) and by Plaintiffs' counsel's own initiative to have her subjected to a mental health examination by their own expert.

(*See* ECF No. 55.) In arriving at these conclusions, the Court has taken into consideration that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding[,]" Fed. R. Civ. P. 1, and that "[a] lawsuit is a search for the truth[,]" *Vance v. Rice*, 524 F. Supp. 1297, 1300 (S.D. Iowa 1981). Keeping in mind that the February 18, 2025 fact discovery deadline has come and gone (*see* ECF No. 45), Defendant needs to press its records provider to produce the requested records as soon as possible. Once Defendants have the records, if the parties cannot stipulate as to a time, date, and scope for Plaintiff Jane Doe's Rule 35 mental examination, then they may request a video status conference with the Court by contacting chambers.

    IT IS SO ORDERED.[2]

Dated: April 3, 2025

                                               Anthony P. Patti
                                               UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).