UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

       Plaintiff,

v.

LINCOLN CONSILIDATED SCHOOLS,

       Defendant.
_____/

Case No. 2:23-CV-11236
District Judge Brandy R. McMillion
Magistrate Judge Anthony P. Patti

## **SUPPLEMENTAL ORDER AFTER IN CAMERA INSPECTION**

In the Court's most recent discovery order, it directed that, no later than Monday, April 7, 2025:

> Defendants **SHALL** hand deliver a copy of the Gibbons report to chambers, after which the Court will conduct an *in camera* review and enter an appropriate, supplemental order as to whether the Gibbons report is entitled to protection via the attorney-client privilege or work product doctrine.

(ECF No. 57, PageID.645 (emphasis in original.)  Defendant has done so, and the Court has performed the anticipated *in camera* inspection.

Having now reviewed the Gibbons report, the Court comfortably concludes that it is protected from disclosure by both the attorney-client privilege and by the attorney work product doctrine.  It is clear to the Court that the law firm that created this report, and the lawyer who signed it − who is not named on any party's witness list (see ECF Nos. 13 & 27) − were both engaged to give legal opinions

and advice and did give legal opinions and advice through this report with respect to the issues involved in and the defense of this lawsuit.  It is also clear that the thoughts and opinions shared therein were not only given in anticipation of this litigation, but indeed with the understanding that litigation had already been commenced and would have to be defended.  This Court is not alone in so concluding; in fact, "[n]umerous courts have found that the privilege attaches in connection with an internal investigation like the one undertaken here." *Blackwell v. Simon*, Case No. 18-cv-01261, 2019 U.S. Dist. LEXIS 250415, *4 (W.D. Mich. Dec. 2, 2019) (citing *Sandra T.E. v. South Berwyn Sch. Dist.* 100, 600 F.3d 612, 618-21 (7th Cir. 2010); *In re Allen*, 106 F.3d 582, 604-05 (4th Cir. 1997); and *United States v. Rowe*, 96 F.3d 1294, 1297 (9th Cir. 1996)).

      As the Supreme Court explained in *Upjohn v. United States*, 449 U.S. 383, 390 (1981): "[T]he [attorney-client] privilege exists to protect not only those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice."  Indeed, even if an investigatory report by an attorney stems from a mixed purpose engagement, that does not convert the investigation into a waiver of attorney-client privilege or work product protection. *See Cicel (Beijing) Sci. & Tech. Co. v. Misonix, Inc.*, 331 F.R.D. 218, 232 (E.D. N.Y. 2019) ("It is therefore well-settled that 'conducting an investigation for business purposes on the one hand and in anticipation of litigation on the other are not mutually

exclusive . . . ."") (quoting *In re Symbol Techs., Inc. Sec. Litig.*, No. 05-cv-3923, 2016 WL 8377036 at *9 (E.D.N.Y. Sept. 30, 2016)); see also *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 758-760 (D.C. Cir. 2014) (Kavanaugh, J.) ("So long as obtaining or providing legal advice was one of the significant purposes of the internal investigation, the attorney privilege applies, even if there were also other purposes for the investigation . . . ."). Here, even if it were possible to attribute other purposes to the investigation, the provision of legal advice was a significant purpose of the report and its underlying investigation and preparation. It is also clear that the rendering of legal advice was predominant, not peripheral. *See Carhartt, Inc. v. Innovative Textiles, Inc.*, 333 F.R.D. 113, 117 (E.D. Mich. 2019).

As to attorney work product, the Sixth Circuit applies a two-part inquiry to determine whether materials are protected as work product in anticipation of litigation: "(1) whether a document was created because of a party's subjective anticipation of litigation, as contrasted with an ordinary business purpose, and (2) whether that subjective anticipation of litigation was objectively reasonable." *United States v. Roxworthy*, 457 F.3d 590, 594 (6th Cir. 2006). Informed by its *in camera* review, the Court finds that the Gibbons report was created because of Defendant's subjective anticipation of what was believed to be already pending (but, apparently, then unserved) litigation, rather than just an ordinary business

purpose, and further finds that Defendant's subjective anticipation of litigation was objectively reasonable.

Finally, even if, *arguendo*, the report were not protected by attorney-client privilege, and only constituted attorney work product, the burden to demonstrate that documents should be produced in discovery despite their status as attorney work product "rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order." *Hickman v. Taylor*, 329 U.S. 495, 512 (1947).  Plaintiff has not met that burden here, and, as is clear to the Court from its *in camera* review, the information sought by Plaintiff can be obtained by other means, namely, thoroughly discovery.

For all of these reasons, Plaintiff's request for a copy of the Gibbons report is **DENIED** and Defendants' attorney-client privilege and work product objections are **SUSTAINED**.

It is **SO ORDERED**.

	Anthony P. Patti
	United States Magistrate Judge

Dated: April 15, 2025