UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

       Plaintiff,                         Case No. 2:23-CV-11236
                                             District Judge Brandy R. McMillion

v.                                            Magistrate Judge Anthony P. Patti

LINCOLN CONSILIDATED
SCHOOLS,

       Defendant.
_____/

## ORDER SETTING GUIDELINES FOR INDEPENDENT MEDICAL EXAMINATION

On May 25, 2023, Plaintiff Jane Doe brought this action against Lincoln Consolidated Schools ("LCS"). Plaintiff alleges that she is a special needs student with a diagnosis of Cognitive Disorder and that she was sexually assaulted by another student at LCS over the summer of 2021. (ECF No. 1, PageID.2.) Plaintiff brings this action based on Defendant's actions, which occurred after the assault, including their alleged "failure to investigate sexual assault, prevent sexually based harassment, retaliation against the victim, violation of the Persons with Disabilities Civil Rights Act ("PWDCRA"), and gender discrimination in violation of Article I, Section 26 of the Michigan Constitution." (ECF No. 1, PageID.1.) Plaintiff amended her complaint by leave of Court on August 14, 2024, adding six additional Defendants: Adam Blaylock, Robert Jansen, Mark Lowe,

Shane Malmquist, Carrie Melcher, and Regina Winborn.  (ECF No. 23.)  The case has been referred to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)."  (ECF No. 19.)

On April 1, 2025, I conducted a hearing on two motions, a motion to compel discovery (ECF No. 47) and a motion to compel an independent medical examination ("IME") of Plaintiff Jane Doe (ECF No. 50).  The Court ruled on the record, and then memorialized its rulings in a written order on April 3, 2025.  (ECF No. 57.)  The Court held, among other things, that Plaintiff Jane Doe should be compelled to undergo a "mental examination by a suitably licensed or certified examiner" under Fed. R. Civ. P. 45(a)(1).  (ECF No. 57, PageID.646-47.)  The Court ordered that certain records be produced in advance of the examination, and then held, "Once Defendants have the records, if the parties cannot stipulate as to a time, date, and scope for Plaintiff Jane Doe's Rule 35 mental examination, then they may request a video status conference with the Court by contacting chambers."  (ECF No. 57, PageID.647.)

Recently, counsel jointly contacted chambers and requested a video conference to discuss the parameters of the mental examination.  The Court conducted a video conference on May 20, 2025, on the record.  During the

2

conference, counsel stated that they disagreed as to whether the IME should be video-recorded, whether Plaintiff's counsel could attend, and whether Plaintiff's mother could attend the IME.  Having considered the issue, <u>and for all the reasons stated on the record by the Court</u>, which are hereby incorporated by reference as though fully restated herein, the Court holds:

> **(1) Plaintiff's mother shall be allowed to observe the examination.**
>
> Taking into account the age of Plaintiff, who is still in minor, the allegations of the operative pleading, and Plaintiff's cognitive and emotional needs, the Court will allow Plaintiff's mother to be present during the IME. The Court finds "special need" or "good reason," *Sultan v. Roush Indus. Inc.,* No. 08-11002, 2008 WL 5188818, at *2 (E.D. Mich. Dec. 10, 2008) (and citations therein), to justify the presence of Plaintiff's mother, particularly in light of the examinee's age, learning disabilities, and mental health diagnoses. *See Gohl v. Livonia Pub. Sch.,* No. 12-15199, 2015 U.S. Dist. LEXIS 40081, at *14-19 (E.D. Mich. Mar. 15, 2015) (Goldsmith, J.).  The Court cautions counsel that the mother is there to simply observe, and that she may not "interfere with [the] examination [or integrity of the process] or otherwise act inappropriately," as any such  interference or behavior would "run the risk of significant sanctions, including the 'risk of being assessed costs

3

for a failed examination.'" *Gohl,* at *16 (quoting *Ardt ex. rel. Parker v. Allstate Ins. Co*., No. 09-14247, 2011 U.S. Dist. LEXIS 19563, at *2 (E.D. Mich. Feb. 28, 2011)).  To the extent the examiner requests the mother's help encouraging her child to participate in the examination, she may engage in that limited manner.

**(2) The medical examination shall not be recorded.**

The Court finds that recording the examination is contrary to the standards of the medical examiner and could interfere with the integrity of the examination.  The presence of Plaintiff's mother should sufficiently alleviate the concerns raised by Plaintiff and Plaintiff has not shown good cause for the additional precaution of a recording.  Moreover, the examination conducted by Plaintiff's own expert was not recorded.

**(3) Counsel may NOT attend**

The presence of counsel is not only unnecessary, but undesirable, and may adversely affect the integrity of the process.  It shall be prohibited.

**IT IS SO ORDERED.**[1]

Dated:  May 21, 2025

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE