**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MIRANDA MERRITT,

Plaintiff,

v.

LINCOLN CONSOLIDATED SCHOOLS,

Defendant.
_______________________________/

Case No. 2:23-cv-11236
Hon. Brandy R. McMillion
United States District Judge

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT AND OBJECTION TO JUDGMENT (ECF NO. 115)**

Before the Court is Plaintiff's Motion to Vacate Judgment and Objection to Judgment. ECF No. 115. On July 30, 2026, the Court entered a Judgment following a 5-day jury trial. *See* ECF No. 114. The jury rendered its verdict on July 28, 2026, finding in favor of Defendant Lincoln Consolidated Schools and against Plaintiff Miranda Merritt on Plaintiff's Title IX claim for student-on-student harassment. *See id.*; *see also* ECF No. 23, PageID.124; ECF No. 110, PageID.1819-1821. Plaintiff now asks the Court to vacate the Judgment based on Defendant's alleged failure to seek concurrence or allow her objections before submitting its proposed judgment to the Court, which she claims is in violation of L.R. 7.1 and 58.1(c). *See generally* ECF No. 115. Having reviewed the Motion, the Court will rule without requiring a

response from Defendant and without a hearing on the motion. *See* L.R. 7.1(f), (h). For the reasons stated below, the Plaintiff's Motion (ECF No. 115) is **DENIED.**

**I.**

Plaintiff ask this Court to set aside the Judgment pursuant to Fed. R. Civ. P. 59(e). ECF No. 115, PageID.1881. Her request for vacatur focuses on alleged procedural defects in the process through which the Court entered its Order of Judgment reflecting the jury's verdict. Plaintiff believes that Defendant's failure to seek concurrence regarding its proposed judgment, and its submission of the judgment to the Court without allowing Plaintiff a full seven days to object, violated Local Rules 7.1(a) and 58.1(c). ECF No. 115, PageID.1882.

**II.**

Motions to alter or amend a judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) motions are extraordinary in nature and generally granted only to correct a clear error because they undermine the important interest in finality and conservation of scarce judicial resources. *Little Caesar Enterprises, Inc., et al. v. S&S Pizza Enterprises, Inc., et al.*, No. 21-cv-11776, 2024 WL 2231657, at *3 (E.D. Mich. May 17, 2024) (citing *In re J& M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008)). The

disposition of a motion to alter or amend a judgment, filed pursuant to Rule 59(e), is "entrusted to the court's sound discretion." *Keweenaw Bay Indian Cmty. v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich.1996) (citing *Huff v. Metropo. Life Ins. Co*., 675 F.2d 119, 122 (6th Cir. 1982)). Rule 59 motions, however, are not intended as a vehicle to relitigate previously considered issues. *Keweenaw*, 940 F. Supp. at 1141.

**III.**

Plaintiff does not clearly specify which of the 59(e) grounds forms the basis for her Motion. The Court can only assume that she proceeds to prevent manifest injustice because she has identified no error of law, newly discovered evidence, or intervening change in controlling law. Nonetheless, the Court finds them all inapposite.

Merritt contends that vacatur is appropriate because the alleged violations, coupled with the Court's entry of the Judgment two days after the jury's verdict, deprived Plaintiff of her "right to a full seven days to file written objections to the Judgment, and because Plaintiff intends to file a Motion for a New Trial." *Id.* at PageID.1882, 1884. To the extent that Plaintiff seeks to vacate the Judgment based on her intent to move for a new trial, the Court finds that vacatur is not warranted for that purpose. After Plaintiff moves for a new trial, the Court will take that motion under consideration and can amend the Judgment, if necessary. This forecloses the

possibility of any manifest injustice as to a future motion for a new trial.[1] Having addressed that concern, the Court now turns to address Plaintiff's arguments regarding Defendant's alleged noncompliance with this District's Local Rules.

**A. Local Rule 7.1**

Plaintiff alleges that Defendant provided notice of the proposed judgment via email without affording her sufficient time to respond to the notice before filing it with the Court. ECF. No. 115, PageID.1882; ECF No. 115-1, PageID.1887. According to Plaintiff, the Defendant was obligated under LR 7.1(a)(1) to meet and confer with the Plaintiff to seek concurrence before submitting the proposed order to the Court. Plaintiff mischaracterizes the context in which L.R. 7.1 applies: motion practice. It is true that in instances where parties submit motions with proposed orders attached, L.R. 7.1's concurrence requirement applies equally to the motion itself and the proposed order. However, LR 58.1, specifically subsection (c), contains no reference to LR 7.1's meet and confer requirements. It does not state that a party must present its proposed judgment in the form of a motion or seek concurrence on its proposed judgment prior to its submission to the Court. While the Court's Civility Principles do require attorneys to "promptly prepare and submit

[1] The Court has also granted Plaintiff's request for an extension of time to file a motion for a new trial. ECF No. 116. The clock for any appeal will be reset upon the Court's ruling on said motion. *See FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 681 (6th Cir. 1999) ("A *timely* motion under Rule 59 will toll the time for appeal until the court rules on the motion.) (citing Fed. R. App. P. 4(a)(4)).

a proposed order to other counsel and attempt to reconcile any differences before the draft order is presented to the Court," the Preamble to the Civility Principles states that "[t]hese standards shall not be used alone as a basis for litigation, sanctions or penalties." *See Titan Finishes Corp. v. Spectrum Sales Grp.*, 452 F. Supp. 2d 692, 696 (E.D. Mich. 2006).

The Court also notes that Plaintiff filed the instant motion without including a statement of concurrence, which Plaintiff clearly knows is required under L.R. 7.1(a) as that is the basis of her instant argument. This leads the Court to conclude that Plaintiff failed to seek concurrence regarding the very motion in which she asks the Court to sanction Defendant for the same conduct. ECF No. 115, PageID.1883. Nonetheless, even accepting that counsel's email was not the model of collegiality, that does not transform Rule 58.1's permissive mechanisms into Rule 7.1's mandatory requirements for motion practice. As the Court finds Rule 7.1 inapplicable, Plaintiff's Rule 59(e) motion fails on that ground.

**B. Local Rule 58.1**

As previously mentioned, Plaintiff also argues that Defendant failed to comply with L.R. 58.1(c) when it provided Plaintiff with notice of the proposed judgment and submitted its proposed judgment to the Court without waiting seven days to allow Plaintiff time to object to the proposed judgment. ECF No. 115, PageID.1882. Local Rule 58.1(c) provides:

> Within seven days after granting the judgment or order, or later if the Court allows, a person seeking entry of a judgment or order ***may serve*** a copy of the proposed judgment or order on the other parties . . . with notice that it will be submitted to the Court for signing if no written objections are filed within seven days after service of the notice. The person seeking entry of the judgment or order ***must file the original and proof of service*** with the Court.

(Emphasis added). Plaintiff cites *United States v. Harold* to support its propositions as to the required course of conduct under subsection (c). *See* ECF No. 115, PageID.1882 ("[s]ubsection (c) requires a person seeking entry of an order to serve a copy of the proposed order on the other parties, wait seven days for the other parties to object, then file the proposed order and proof of service with the court[]") (citing *United States v. Harold*, 432 F. Supp. 3d 410, 422 (E.D. Mich. 2019), *aff'd,* No. 19-1947, 2021 WL 53438 (6th Cir. Jan. 6, 2021), *opinion amended and superseded,* 847 F. App'x 296 (6th Cir. 2021), and *aff'd,* 847 F. App'x 296 (6th Cir. 2021)). The Court disagrees with Plaintiff's stated basis for relief under 58.1(c) for several reasons.

To begin, Plaintiff's motion fails to mention that the holding in *Harold* explicitly forecloses the propriety of the relief Plaintiff seeks. "[A]ppropriate sanctions for a non-compliance with the local rules are those sanctions identified in Federal Rule of Civil Procedure 11(c) . . . . Vacating a substantively correct order is hardly an appropriate sanction under the standard set forth in Fed. R. Civ. P. 11(c)(4)." *Id.* at 421. The Court then goes on to say, "a violation of Local Rule 58.1

is not grounds for relief from an otherwise lawful order." *Id.* Plaintiff asks the Court to vacate a judgment entered on a unanimous jury verdict without first demonstrating that either the verdict or the resulting Judgment is legally erroneous.

Second, *Harold* expressly acknowledges that:

> Local Rule 58.1 provides four ***alternate*** procedures for the entry of judgments . . . . [t]he court may enter a judgment or order by one of the following methods. The court is never required to choose one of the procedures to the exclusion of the others . . . . [LR 58.1(c)] provides merely one alternative way in which the Court may enter a judgment or order. The logical extension is then, unless otherwise ordered by the court or foreclosed by the language of the subsection, the parties have discretion to choose which of the procedures outlined in Local Rule 58.1 to use in submitting a proposed order to the court. Therefore, so long as the [Defendant] complied with one of the four procedures in the Rule, the order was validly entered.

*Id.* (citing *Smith v. Heyns,* No. 2:12-cv-11373, 2013 WL 1163172, at *17 (E.D. Mich. 2013). Plaintiff offers no reason for the Court to definitively conclude that Defendant intended to proceed under subsection (c) or that it was required to do so. Plaintiff explicitly states that Defendant sent a "notice of filing a proposed Judgment" via email; she was not served with the judgment, nor did Defendant file proof of service with the Court. ECF No. 115, PageID.1882. But importantly, the rule does not require Defendant to serve notice of the proposed judgment on Plaintiff. *See* LR 58.1(c) ("a person seeking entry of a judgment or order ***<u>may</u>*** serve a copy of the proposed judgment or order on the other parties . . . with notice that it will be submitted to the Court for signing if no written objections are filed within

seven days after service of the notice.") (emphasis added). The Court reads this language to be permissive, not mandatory.

Third, the Court maintains discretion under subsection (a) to enter a judgment on its own accord, by signing it "'at or after the time it grants the relief in the judgment' . . . [without] requir[ing] any of the parties to approve the form of the order." *Id.* (citing E.D. Mich. LR 58.1). Thus, the Court was free to enter any judgment to effectuate the jury's verdict in this case. And subsection (d) allows one seeking entry of the judgment to prepare it and notice is for settlement before the Court. The Court's key point is not that Defendant definitively proceeded under any particular subsection of LR 58.1, but that Plaintiff never explains why subsection (c) was the required procedure instead of (a), (b), or (d), or how its argument to the contrary is supported under any controlling authority.

Finally, there is nothing to suggest that allowing the Judgment to stand would result in a manifest injustice as required by Rule 59(e). In fact, Plaintiff wasted this opportunity to raise objections for the Court's consideration by filing this Motion without bothering to expound on the Judgment's purported substantive defects. Plaintiff merely alleges an intent to object to the following sentence from the Judgment: "Plaintiff shall bear the costs incurred by Defendant after service of Defendant's Rule 68 Offer of Judgment." Then makes the conclusory assertion that, "among other things, the Judgment violates the intent of Title IX's attorney fee

provisions." ECF No. 115, PageID.1884. Plaintiff never identifies the purported conflict, cites the governing authority, or explains why the challenged language is legally erroneous. The Court is not required to vacate an otherwise valid Judgment simply to give Plaintiff another opportunity to formulate objections that should have accompanied the present motion.

A Rule 59(e) motion is not a placeholder requesting an opportunity to formulate objections later. A party seeking relief under the rule bears the burden of demonstrating a legal basis for such an extreme remedy; conclusory assertions coupled with a request for additional time to develop those arguments are insufficient. *See Kenny v. Campbell*, No. 23-12589, 2026 WL 595872, at *1 (E.D. Mich. Jan. 16, 2026) ("party seeking relief under Rule 59(e) bears the burden of establishing the grounds for such relief by clear and convincing evidence."). Because Plaintiff fails to meet the burden required to vacate a judgment under Rule 59(e), the Court will not set aside the judgment which evidences the decision of the jury after a trial on this matter.

## IV.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate Judgment and Objection to Judgment is **DENIED**.[2]

**IT IS SO ORDERED.**

Dated: August 11, 2026
Detroit, Michigan

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge

[2] Nothing in this Order shall be construed to prohibit Plaintiff from filing a Motion for a New Trial or a Notice of Appeal in accordance with the Fed. Rules of Civil Procedure and the Court's Local Rules.